BOOTH v. LIMITED PARTNERSHIP OF J. L. S. HUNT.

(Circuit Court of Appeals, Fifth Circuit. May 21, 1895.)

No. 356.

ADMISSIBILITY OF EVIDENCE—ADVERSE CLAIM TO PROPERTY SEIZED IN EXECUTION.

Certain property seized in execution against a partnership was claimed in the name of a limited partnership of which one of the members of the debtor firm was the active member, and the right of property was tried by jury according to the Texas statute. The claimant put in evidence a published notice of the formation of the limited partnership, dated but little over a month before the seizure on execution. Certain questions were then asked by the execution creditor tending to elicit evidence that the person named as special partner had not put any money into the limited partnership. *Held*, that the exclusion of these questions was erroneous, as the execution creditor had a right to show that the alleged limited partnership had no existence in fact, but was a mere cover to save the property from the execution.

In Error to the Circuit Court of the United States for the Western District of Texas.

H. P. Drought, for plaintiff in error.

Thomas H. Franklin, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

BRUCE, District Judge. C. D. Booth obtained a judgment against the partnership of Hunt & Booth and against J. L. S. Hunt and W. H. Booth, the persons comprising the firm of Hunt & Booth. Plaintiff in that judgment had execution dated June 26, 1894, and the marshal executed it by a levy upon the property in controversy in this suit and took it into his possession. The limited partnership of J. L. S. Hunt filed affidavit and bond for trial of the right of property under the statute and law of the state of Texas, and issue was joined between claimant and C. D. Booth, the creditor in execution, and the cause was docketed and came on for trial at the December term of the court. The case was tried by a jury, and the verdict was, "We find at the date of the levy of the execution by the marshal the hay levied on was the property of the limited partnership acting under the firm name of J. L. S. Hunt," and judgment was rendered for the defendant.

The errors assigned are the sustaining of the objection made by the counsel for defendant Hunt to the following question: "Is it not a fact that said J. A. Gray never contributed any actual cash to the limited partnership of Hunt & Gray, and is it not a fact that this $4,700 alleged to have been contributed by the said J. A. Gray at the time his son (your brother-in-law) was engaged with you in the business was not drawn out at the time the said Lucian Gray left the business, but continued in it?" The second assignment of error is that the court erred in sustaining the objection of counsel for defendant Hunt, by counsel for plaintiff Booth, and in instructing the jury to disregard the answer of the defendant Hunt to said question, the question and answer being as follows: "Is it not a fact that you formed this limited partnership with your father-in-law, J. A. Gray, for the purpose of defeating the claim of C. D. Booth?" The answer to the question was that it was not a fact, but that he formed said partnership for the purpose of protecting the money of J. A. Gray which he had in his business. To which question and answer counsel for the said Hunt then and there objected, for the reason that the court had already ruled that the purposes of the partnership were not to be inquired into in this case, and the court sustained said objection, and held that the purpose of the limited partnership was not and could not be an issue in this case, and instructed the jury to disregard the answer. To which ruling of the court the plaintiff excepted at the time, and assigns the ruling for error here.

It was a trial of the right of property under the law of Texas. The plaintiff sought to show that the property levied on was the individual property of Hunt, and therefore subject to levy under his

execution. The claimant, on the contrary, sought to show that such was not the fact, but that it was the property of the limited partnership, which had been formed and did business under the name of J. L. S. Hunt. Claimant had put in evidence a paper called a "Notice of Partnership," dated San Antonio, May 19, 1894, which stated among other things that the capital contributed by the said J. A. Gray, special partner, is $4,700 in cash; that the period at which said partnership is to commence is the 19th day of May, 1894, and that it will terminate on the 1st day of June, 1895. The question asked was as to whether Gray had contributed any actual cash to the partnership, and whether the $4,700 was not contributed to another partnership in which one Lucian Gray had been a partner and had retired. The objection to the question was sustained, and it was not answered. The inquiry was a proper one on the issue being tried at the time, for the answer must have tended either to show the fact of the limited partnership as claimed or to show that in fact, whatever the notice of partnership might state, the facts were otherwise, and, in short, that there was no such partnership as claimed. This is perhaps made clearer when we come to the second question, which was answered, but the objection was sustained by the court and the jury instructed to disregard the answer, and the court held that the purpose of the limited partnership was not and could not be an issue in this case. The facts, however, touching the formation of the alleged partnership were fair matter for inquiry upon the issue made. It was not a mere inquiry as to purposes, but facts were sought, and the facts should have gone to the jury, and the jury, under the direction of the court, could have found partnership as claimed or no partnership, as they should find the facts from the testimony. It is not very clear what was meant by the statement that the purpose of the limited partnership was not and could not be an issue in this case, but it was at least misleading, because it assumed as a fact the existence of the limited partnership, which was the matter which the plaintiff in execution contested, and had a right to contest, in the case. The issue was not merely if there was a limited partnership on paper, but one in fact and law, which owned the property in question, and the ruling of the court narrowed the inquiry, and in fact took from the jury the question which the plaintiff in execution and the claimant, under the law of Texas, had a right to have tried, and upon which both sides tendered evidence. This was not a question of the settlement of a partnership account, but the inquiry was to the question whether the limited partnership existed as claimed or whether it did not, and whether the claim was not in point of fact a mere cover to protect Gray in fraud of the rights of the plaintiff in execution. The judgment of the circuit court should be reversed, and the cause remanded for further proceedings in conformity with this opinion.